```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

**ROBERT L. CRAWFORD,**

    **Plaintiff,**

v.                                        Case No. 2:10-cv-00275

**JIM RUBENSTEIN, Commissioner,**
**Department of Corrections,**
**CHRISTINE LOVE, Board of Parole,**
**STEPHEN T. SVOKAS, Board of Parole,**
**M.J. MCCARTHY, Board of Parole,**
**and DENNIS W. FOREMAN, Chairman,**
**Board of Parole,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On March 9, 2010, Plaintiff filed the instant Complaint (docket sheet document # 2), alleging that members of the West Virginia Parole Board denied him due process of law and discriminated against him on account of his disability, race, and age, when they denied him parole on October 19, 2009. The Complaint states as follows:

    1.  On February 29, 2008, the plaintiff was sentenced to 1 to 15 years for the possession with intent to distribute a controlled substance in the Circuit Court for Cabell County;

    2.  Prior to the plaintiff's conviction in paragraph # 1, he was adjudicated totally, completely and absolutely disabled by the United States Social Security Administration in 2003;

    3.  While incarcerated in West Virginia Division of Corrections serving out the 1 to 15 years prison

       term mentioned above, prison officials wrote eight (8) class one disciplinary infractions against the plaintiff for refusing to work an institutional work assignment despite the plaintiff['s] representations that he was totally disabled;

4. On October 19, 2009, the plaintiff appeared before Parole Board Members Christen [sic; Christine] Love, Stephen T. Svokas, and M.J. McCarthy for a parole hearing at H.C.C. During the hearing the board members adversely used the eight (8) disciplinary infractions for refusing to work an institutional work assignment to deny the plaintiff parole despite the plaintiff's representations that he was totally unable to work, the chairman Dennis Foreman concurred.

5. The plaintiff states that the decision to deny him parole on October 19, 2009 violated his rights under state and federal laws for the following reasons:

    a. The plaintiff is a first time offender in DOC;

    b. The plaintiff is a 57 year old African American male;

    c. The plaintiff had a long and successful career in the United States Navy, prior to his disability in 2003; and the Department of Justice.

    d. The plaintiff has a bad heart condition and other physical disabilities that prevent him from being able to work an institutional work assignment without worsening his health condition;

    e. The board members on October 19, 2009 discriminated against the plaintiff based upon his health condition in violation of the American[s] With Disabilities Act; Pa DOC v. Yeskey, 524 U.S. 206 (1998);

    f. That the parole board members subjected the plaintiff to cruel and unusual punishment by using his health condition

       as a basis to deny the plaintiff parole this violates the Eighth Amendment of the United States Constitution;

  g. That the parole board members did not apply West Virginia Code 62-12-13 fairly at the plaintiff's parole hearing and denied him DUE PROCESS OF LAW in violation of the United States Constitution by denying the plaintiff parole due to his physical disabilities, Morrissey v. Brewer, supra; Gagnon v. Scarpelli, supra;

  h. That the plaintiff was denied Equal Protection of Law by the parole board members['] use of the plaintiff's physical disabilities to deny him parole violates the Eighth and Fourteenth Amendments of the United States Constitution;

  i. That the parole board members granted parole openly and freely to white inmates at H.C.C.;

  j. That African American inmates are frequently denied parole at H.C.C.;

  k. The plaintiff states that due to his age of 57 years that his health has deteriorated over the years. That to deny the plaintiff parole based on his health and disabilities is also age discrimination;

  m. The parole board abused their discretion and made an arbitrary and capricious decision.

    WHEREFORE, the plaintiff prays that the United States District Court, Southern District of West Virginia, grants this complaint and orders that the plaintiff be granted a new parole hearing and or other relief.

(# 2 at 5-8). Plaintiff's Complaint also requests "restitution for

pain and suffering also for time lost with family and friends. (Id. at 9).

## PROCEDURAL HISTORY

Plaintiff applied to proceed without prepayment of fees and costs (# 1), which was granted on March 24, 2010. However, Plaintiff was ordered to pay an initial partial filing fee of $5.66 before service of process would be ordered. As of today's date, that initial partial filing fee has not been paid. The undersigned has since learned that Plaintiff was released on parole.[1]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. In Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough

---

[1] From a review of the West Virginia Division of Corrections inmate locator website, it appears that Plaintiff had a parole hearing on August 1, 2010, and was released on parole shortly thereafter.

facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

The Supreme Court further explained its holding in Twombly in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[2]

---

[2] Because service of process has not occurred, a motion to dismiss has not been filed in this case. Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, asserts that the complaint fails "to state a claim upon which relief can be granted," which is

## ANALYSIS

In the case of Gilmore v. Bostic, No. 2:08-cv-00326 (S.D. W. Va. Mar. 27, 2009), the Hon. John T. Copenhaver, Jr. adopted proposed findings and recommendation submitted by the undersigned and ruled as follows:

> Case law in the Fourth Circuit and the State of West Virginia clearly provides that quasi-judicial immunity protects parole board members from section 1983 actions for damages. See, e.g., Pope v. Chew, 521 F.2d 400, 405 (4th Cir. 1975) ("Parole Board members have been held to perform a quasi-judicial function in considering applications for parole and thus to be immune from damages in § 1983 actions."); Parkulo v. West Virginia Board of Probation and Parole, 199 W. Va. 161, 483 S.E.2d 507, 525 (1997). The law is not so clear with respect to immunity in actions for injunctive relief. In Pulliam v. Allen, 466 U.S. 522, 537 (1984), the United States Supreme Court held that judicial immunity did not extend to claims for injunctive relief. Twelve years later, Congress passed the Federal Courts Improvement Act, amending section 1983 to bar injunctive relief "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

2009 WL 890681, slip op. at 17-18. The Gilmore v. Bostic decision further determined that "[n]either the Supreme Court nor the Fourth Circuit has addressed whether section 1983 protects quasi-judicial actors, such as the West Virginia Parole Board members, from actions for injunctive relief, but the decided weight of authority has found that quasi-judicial actors are immune from such actions." [Cited cases omitted.] Furthermore, since Plaintiff has been

---

the same standard set forth in 28 U.S.C. § 1915A.

released on parole, his request for injunctive relief in the form of a new parole hearing is now moot.

The undersigned proposes that the presiding District Judge **FIND** that defendants Love, Svokas, McCarthy and Foreman, who are members of the West Virginia Parole Board, which is a quasi-judicial entity, are entitled to absolute judicial immunity from the plaintiff's suit for both damages and prospective, non-monetary relief.  Furthermore, the Complaint contains no allegations at all against defendant Rubenstein.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief may be granted against any of the defendants.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with

the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the presiding District Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and to counsel of record.

    September 17, 2010                        /s/ Mary E. Stanley
           Date                                 Mary E. Stanley
                                          United States Magistrate Judge