IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT L. CRAWFORD,

        Plaintiff,

v.                                        CIVIL ACTION NO. 2:10-cv-00275

JIM RUBENSTEIN et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

    Before the Court is Plaintiff Robert L. Crawford's Complaint [Docket 2]. By Standing Order entered August 1, 2006, and filed in this case on March 10, 2010, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Stanley filed her PF&R [Docket 6] on September 17, 2010, recommending that this Court dismiss Plaintiff's Petition and remove this matter from the Court's docket.

    The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court

to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the PF&R in this case were due on October 4, 2010. To date, no objections have been filed.

Plaintiff requests injunctive relief in the form of a new parole hearing. As he has been released on parole, this request is moot. Plaintiff also requests money damages in the form of "restitution for pain and suffering also for time lost with family and friends." (Docket 2 at 9.) Plaintiff is unable to receive money damages under 42 U.S.C. § 1983 against Defendants because parole board members have quasi-judicial immunity. *Gilmore v. Bostic*, 636 F.Supp.2d 496 (S.D. W. Va. 2009) (citing *Pope v. Chew*, 521 F.2d 400, 405 (4th Cir. 1975); *Parkulo v. W. Va. Bd. Of Prob. & Parole*, 199 W. Va. 161 (1996)). Therefore, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

Accordingly, the Court **ADOPTS** the PF&R [Docket 6], **DISMISSES** Plaintiff's Complaint [Docket 2], and **DISMISSES** this case from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 24, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE